## GEORGE B. ENGLE *against* JOHN NELSON.

A special plea that a domestic attachment, grounded upon the same cause of action, had issued in another county, and is yet pending, is a plea in abatement, and cannot be put in after issue joined upon a plea in bar.

The rule is different as regards a popular action: there the pendency of a prior action extinguishes the title of every one else, and necessarily bars the right.

Writ of error to the Common Pleas of Centre county.

This was an action of *assumpsit* brought by *John Nelson,* the defendant in error, against *George B. Engle.* Issues were joined upon the pleas of *non assumpsit* and *payment:* after which the defendant filed the following plea:

"And the said *George B. Engle,* by *T. Burnside* his attorney, comes and defends the wrong and injury when, &c. and says, that he ought not to be charged with the said debt, because the said *John Nelson,* on the 9th of February, 1819, issued out of the court of Common Pleas of Huntingdon county, against the said *George B. Engle,* a writ, commonly called a domestic attachment, for the same cause of action, for which this suit is brought; and that the sheriff of Huntingdon county, in pursuance of the said writ of domestic attachment, attached of the property of the said *George B. Engle,* ten dollars, in the hands of *John Wall,* eighty dollars in the hands of *Thomas Taylor,* and accounts, judgments and money in the hands of *John Morrison,* Esq. and *Enoch Hastings,* Esq. of the said county of Huntingdon: and the said court did, on the 18th April, 1819, on motion, appoint *John Crawford,* Esq. *David M'Mutrie* and *Jacob Neff,* auditors, to settle and adjust the claims of the several creditors of the said *George B. Engle.* And that the said

(George B. Engle *v*. John Nelson.)

suit is still pending, and not finally determined; and this he, the said *George B. Engle*, is ready to verify. Wherefore he prays judgment, if the said *John Nelson* ought to have or maintain his aforesaid action thereof against him, &c."

To this plea the plaintiff refused to reply, as being in every way incompetent and informal; and the court would not require them to do so, but considered it a nullity. To this opinion the defendant excepted; and here assigned it as error.

*Petrikin*, for plaintiff in error.

A foreign attachment pending, cannot be given in evidence under the general issue; but must be pleaded specially. *Updegraff* v. *Spring*, 11 *Serg. & Rawle*, 188.

Pendency of a former action for the same cause, may be pleaded either in bar or abatement. 1 *Bac. Ab.* 24, *title Abatement.*

*Potter*, contra.—If the plea was any thing, it was in abatement, and came too late. *Riddle* v. *Stevens*, 2 *Serg. & Rawle*, 537. *Witmer* v. *Salter*, 15 *Serg. & Rawle*, 150. *Wilson* v. *Hamilton*, 4 *Serg. & Rawle*, 238. That it was a plea in abatement. 1 *Chit. Plead.* 443. *Embre* v. *Hannah*, 5 *Johns. Rep.* 101. *Commonwealth* v. *Churchill*, 5 *Mass.* 174.

When matter is pleaded specially which may be given in evidence under pleas already entered, it need not be answered. *Pedan* v. *Reed*, 8 *Serg. & Rawle*, 263. *Shaw* v. *Redmond*, 11 *Serg. & Rawle*, 27–8. *Riddle et als*, v. *Stevens*, 2 *Serg. & Rawle*, 544. *Barrington* y. *Washington Bank*, 14 *Serg. & Rawle*, 405.

Per Curiam.—That the pendency of the domestic attachment in Huntingdon county, was clothed in the drapery of a special plea in bar, can impose on the plaintiff no additional obligation to answer it, if it were essentially pleadable only in abatement; and it is necessarily so, where it goes, not to the plaintiff's title, but to the particular action. It is different however as regards a popular action, which vests the property of the thing in action, in the party who has first sued for it: there the pendency of a prior action which extinguishes the title of every one else, necessarily bars the right, and this distinction is not only founded in technical reason, but recognized by the best elementary writers. 1 *Chitty on Plead.* 443. As a plea in abatement, then, this branch of the defence was not only grossly defective in form, but produced at a stage of the pleadings when it was decisively inadmissible; and the court was perfectly accurate in treating it as a nullity.

Judgment affirmed.